89 F.3d 845
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Myriam de los Angeles GOMEZ-HIDALGO; Vera Amanda
Madriz-Gomez; Hucksohn Cornelius Hueck-Gomez, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70061.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Myriam de los Angeles Gomez-Hidalgo (Gomez-Hidalgo) and her children, Vera Amanda Madriz-Gomez and Hucksohn Cornelius Hueck-Gomez, natives and citizens of Nicaragua, petition for review of the Board of Immigration Appeals' decision affirming the Immigration Judge's denial of their application for asylum and grant of voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and deny the petition.
 
 
 3
 Petitioners' claims are based on the harassment Gomez-Hidalgo suffered over a ten-year period because her common-law husband's family, the Huecks, had ties to former President Somoza, and because of her own opposition to the Sandinistas. Gomez-Hidalgo testified that she lost a government job, that she and her children experienced food shortages, and that her son was harassed at school based on his family name.
 
 
 4
 The Board agreed with the Immigration Judge's conclusion that, while there is no dispute that members of the Hueck family were assassinated, harmed or forced to flee the country, Gomez-Hidalgo failed to adequately show that her connection with the Hueck family put her or her children at risk on account of political opinion or membership in a particular social group.
 
 
 5
 There is no evidence that petitioner or her children were detained or physically harmed in any way during this ten-year period. Although a reasonable factfinder could find these incidents of harassment and economic harm sufficient to establish past persecution, we cannot say a factfinder would be compelled to do so. See Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995) (factfinder must be compelled to find the requisite fear); Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991) (fact that friends and relatives obtained asylum unavailing unless linked to a pattern involving petitioner). Moreover, despite having the opportunity to do so, petitioner failed to offer any specific, non-speculative evidence demonstrating a well-founded fear of future persecution given the change in government. See Kazlauskas v. INS, 46 F.3d 902, 906 (9th Cir.1995) (discussing administrative notice and relevance of political change). To the extent she testified that a niece had been granted asylum two months before her own hearing, she failed to explain why or to link her niece's experiences or activities to her own. See Arriaga-Barrientos, 937 F.2d at 414. In sum, substantial evidence supports the Board's conclusion that petitioner failed to demonstrate either past persecution or a well-founded fear of future persecution. Fisher v. INS, 1996 WL 146681, * 3 (9th Cir.1996) (en banc).[1]
 
 
 6
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Petitioners' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent petitioners argue that the Board abused its discretion in denying relief, we need not address the issue. See Kazlauskas, 46 F.3d at 905 (noting that relief is only available to refugees, those who have demonstrated past persecution or likely future persecution)